UNITED STATES v. JACKSON et al.

District Court, N. D. California, N. D.
July 31, 1928.

No. 245.

1. Indians ⟾15(1)—No statute extends restrictions on alienation contained in patents issued to Indian homesteaders, nor authorizes President to do so (43 USCA § 190).

There is no statute which expressly extends restrictions on alienation contained in patents issued to Indian homesteaders, under 43 USCA § 190, or authorizes the President to do so; 25 USCA § 331 et seq., being applicable only to Indian allottees.

2. Indians ⟾15(1)—Executive orders purporting to extend period of restriction on alienation of Indian homestead lands held without effect (43 USCA § 190).

Executive orders, purporting to extend period of restriction on alienation of Indian homestead lands, entered under 43 USCA § 190, held without effect.

3. Indians ⟾15(2)—Statute relating to form and approval of contracts with Indians held inapplicable to conveyance by Indian widow of Indian homesteader (25 USCA § 81; 43 USCA § 190).

Rev. St. § 2103 (25 USCA § 81), prescribing form of contracts with Indians and requiring approval by Secretary of Interior, held inapplicable to conveyance by Indian widow and sole heir of Indian obtaining homestead under 43 USCA § 190, to another Indian, since it applies only to contracts with tribal Indians as to services relative to their lands, or to claims or demands due to tribe or individual under laws or treaties with United States.

4. Indians ⟾24—Contracts by Indians, not prohibited by statute, are valid, if they conform to law of state where made.

Contracts made by Indians, not prohibited by statute, are valid, if they conform to law of state where they are made.

In Equity. Action to quiet title by the United States against Kitty Jackson and another, in which defendants filed cross-complaint. Judgment for defendants.

George J. Hatfield, U. S. Atty., of San Francisco, Cal., and Albert E. Sheets, Asst. U. S. Atty., of Sacramento, Cal.

W. Ernest Dickson, of Eureka, Cal., for defendants.

KERRIGAN, District Judge. This is an action to quiet title to certain lands, brought by the United States on behalf of Bob Roberts, a tribal Indian. A trust patent to the lands in question was issued to Jack Williams, also an Indian, December 11, 1891, in accordance with the act of July 4, 1884, c. 180, § 1 (25 Stat. 96; USCA tit. 43, § 190). This patent, in conformity with the statute, declared:

"Now know ye that the United States of America, in consideration of the premises and in accordance with the provisions of the said Act of Congress of July 4, 1884, hereby declares that it does and will hold the land described above for the period of twenty-five years in trust for the sole use and benefit of the said Jack Williams, or, in case of his decease, of his widow and heirs according to the laws of the state where such land is located, and at the expiration of said period the United States will convey the same by patent to the said Jack Williams, or his widow or heirs as aforesaid, in fee, discharged of said trust and free of all charge or incumbrance whatsoever."

The trust thus declared would terminate December 11, 1916. Jack Williams died January 24, 1916, and the land passed to Nellie Williams, an Indian woman, his widow and sole heir. March 18, 1921, she executed the deed to Jack Jackson, also an Indian, which is the deed sought to be attacked in this action. This deed was recorded November 3, 1922. It was not, and never has been, approved by the Secretary of the Interior.

Nellie Williams died October 10, 1922, leaving a will by which this same property was devised to Bob Roberts. The will and the devise were approved by the Secretary of the Interior December 1, 1923. Jack Jackson has since died. The defendants herein are his heirs.

Admitting that the restriction on aliena-

tion originally contained in the trust patent issued to Jack Williams would have expired in December, 1916, the government contends that such restriction was extended by a series of executive orders making one-year extensions from 1916 to 1919, inclusive, and a further 25-year extension in 1920, and that the conveyance to Jack Jackson, having been made while there was a restriction on alienation imposed by law, was void.

The executive orders in question each recite that they are made under authority found in the Act of June 21, 1906 (34 Stat. pp. 325, 326; USCA tit. 25, § 391). This act provides:

"Prior to the expiration of the trust period of any Indian allottee to whom a trust or other patent containing restrictions upon alienation has been or shall be issued under any law or treaty the President may in his discretion continue such restrictions on alienation for such period as he may deem best."

[1] It will be noted that this statute refers to "any Indian allottee." Jack Williams was not an allottee. He received his trust patent, not under Act Feb. 8, 1887 (24 Stat. 388; USCA tit. 25, § 331 et seq.), creating the Indian allotment system, or any of its subsequent amendments, but under the Act of July 4, 1884, above referred to, conferring homestead entry rights upon Indians. There is no statute which expressly extends the restrictions upon alienation contained in patents issued to Indian homesteaders, or authorizes the President to do so.

The question of the distinction between an Indian homesteader and an Indian allottee was presented to the court in Seaples v. Card (D. C.) 246 F. 501. There an Indian homesteader had received a fee-simple patent under authority of the Act of May 8, 1906 (34 Stat. 183; USCA tit. 25, § 349), permitting the issuance of a fee-simple patent to an Indian allottee determined by the Secretary of the Interior to be competent to manage his own affairs at an earlier time than the end of the restricted period. Judge Rudkin, after quoting the statute, says (page 506):

"This act is by its terms limited to Indian allottees and confers no authority upon the Secretary of the Interior to cancel patents issued under the act of 1875 or the act of 1884. Why the Secretary of the Interior should be authorized to remove the restriction on alienation in the case of Indian allottees, and not of Indian homesteaders, under the acts of 1875 and 1884, I do not know, and am not at liberty to inquire. Suffice it to say that Congress has spoken, and has granted the authority in the one case, but not in the other."

[2] The same distinction exists in the present case, and I must hold that the executive orders purporting to extend the period of restriction are without effect as far as Indian homestead lands entered under the Act of July 4, 1884, are concerned. Accordingly, it appears that the patentee would have been entitled to a fee-simple patent December 11, 1916, there being no extension of the period of restriction as to him, and a valid conveyance might be made by him or by his heirs at any time subsequent.

[3, 4] It is further urged in the present case, however, that the deed in question was void on account of its failure to conform to the statutory requirements as to form and approval by the Secretary of the Interior prescribed by R. S. § 2103 (USCA tit. 25, § 81). Reading of this statute discloses that it applies to contracts with tribal Indians as to services relative to their lands, or to claims or demands due to the tribe or the individual under laws or treaties with the United States. It is not applicable to the conveyance by Nellie Williams to Jack Jackson. Contracts made by Indians, not prohibited by statute, are valid, if they conform to the law of the state where they are made. No statute has been called to my attention which prohibits the conveyance which is the subject of this suit, nor prescribes its form. Its form is according to the laws of the state of California, and it has been duly placed on record.

For the reasons set forth above, let judgment be entered for defendants and cross-complainants.